**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000060
16-JUN-2023
07:53 AM
Dkt. 54 SO**

NO. CAAP-19-0000060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MATUA T. TUAOLO, also known as MATUA TUAOLO,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-17-0001283)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Defendant-Appellant Matua T. Tuaolo, also known as Matua Tuaolo (**Tuaolo**), appeals from the Judgment of Conviction and Probation Sentence (**Judgment**) entered on December 27, 2018, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Tuaolo was charged with two counts of Abuse of Family or Household Members under Hawaii Revised Statutes (**HRS**) § 709-906(1) and (9) (2014) (**Counts 1 and 2**)[2] and two counts of Assault

---

[1] The Honorable Todd W. Eddins presided.

[2] HRS § 709-906 provides, in pertinent part:

> **Abuse of family or household members; penalty.**
> (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

(continued...)

in the Third Degree under HRS § 707-712(1)(a) (2014) (**Counts 3 and 4**).[3]  Tuaolo was found not guilty on Counts 1 and 2.  This appeal involves Tuaolo's convictions on Counts 3 and 4.  His wife Isabella Tuaolo's (**Isabella's**) minor children NG and MK (collectively, **Children**) were the complainants on Counts 3 and 4, respectively.[4]

Tuaolo raises two points of error on appeal, contending that:  (1) the Circuit Court's "standard" jury instructions 1.1, 1.2, 1.4, 1.7, and 2.2 were prejudicially insufficient, erroneous, and misleading and denied Tuaolo his constitutional right to due process and a fair trial; and (2) the Circuit Court's instructions to the jury were prejudicially insufficient, erroneous, and misleading where it failed to instruct the jury on self-defense as to Counts 3 and 4.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tuaolo's points of error as follows:

The standard applicable to our review of jury instructions is well established.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading.

---

[2] (...continued)

. . . .

(9)  Where the physical abuse occurs in the presence of any family or household member who is less than fourteen years of age, abuse of a family or household member is a class C felony.

[3]  HRS § 707-712 provides, in pertinent part:

**Assault in the third degree.**  (1) A person commits the offense of assault in the third degree if the person:

(a)  Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

[4]  Isabella was the complainant on Counts 1 and 2.

> Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013) (quoting State v. Arceo, 84 Hawaiʻi 1, 11, 928 P.2d 843, 853 (1996)).

> [A]lthough as a general matter forfeited assignments of error are to be reviewed under the [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 52(b) plain error standard of review, in the case of erroneous jury instructions, that standard of review is effectively merged with the HRPP Rule 52(a) harmless error standard of review because it is the duty of the trial court to properly instruct the jury. As a result, once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt.

State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006).

> Inasmuch as "the ultimate responsibility properly to instruct the jury lies with the trial court," if trial or appellate counsel fail to raise an objection to an erroneous jury instruction as to which there is a reasonable possibility of contribution to the defendant's conviction and which, consequently, cannot be harmless beyond a reasonable doubt, then the instruction, by its very nature, has affected the defendant's substantial rights—to wit, his or her constitutional rights to a trial by an impartial jury and to due process of law—and, therefore, may be recognized as plain error.

State v. Uyesugi, 100 Hawaiʻi 442, 449, 60 P.3d 843, 850 (2002) (brackets omitted) (quoting State v. Rapoza, 95 Hawaiʻi 321, 326, 22 P.3d 968, 973 (2001)).

(1) In State v. Forster, No. CAAP-18-0000816, 2021 WL 855828 (Haw. App. Mar. 8, 2021) (SDO), this court reviewed essentially identical challenges to the Circuit Court's "standard" jury instructions 1.1, 1.2, 1.4, 1.7, and 2.2 and concluded that the arguments were without merit. For the same reasons as articulated in Forster, we conclude that Tuaolo's first point of error is without merit. Id. at *2-6; see also State v. Char, No. CAAP-19-0000540, 2020 WL 7028600, (Haw. App. Nov. 30, 2020) (SDO) (addressing a similar claim of error involving a substituted Hawaiʻi Pattern Jury Instructions Criminal (HAWJIC) instruction).

(2)   Tuaolo argues that the Circuit Court erred by failing to instruct the jury that self-defense applied to Counts 3 and 4 because there was evidentiary support to warrant that instruction.

HRS § 703-304 (2014) provides, in pertinent part:

> **Use of force in self-protection**.  (1) Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
>
> . . . .
>
> (4)   The use of force is not justifiable under this section:
>
> (a)   To resist an arrest which the actor knows is being made by a law enforcement officer, although the arrest is unlawful; or
>
> (b)   To resist force used by the occupier or possessor of property or by another person on his behalf, where the actor knows that the person using the force is doing so under a claim of right to protect the property, except that this limitation shall not apply if:
>
>   (i)   The actor is a public officer acting in the performance of his duties or a person lawfully assisting him therein or a person making or assisting in a lawful arrest; or
>
>   (ii)   The actor believes that such force is necessary to protect himself against death or serious bodily injury.

As we previously stated:

> Our cases have firmly established that a defendant is entitled to an instruction on every defense or theory of defense having *any* support in the evidence, provided such evidence would support the consideration of that issue by the jury, no matter how weak, inconclusive, or unsatisfactory the evidence may be.  However, this court has also noted that where evidentiary support for an asserted defense, or for any of its essential components, is clearly lacking, it would not be error for the trial court to refuse to charge on the issue or to instruct the jury not to consider it.

State v. Yamamoto, 98 Hawaiʻi 208, 220, 46 P.3d 1092, 1104 (App. 2002) (underlined emphasis added) (quoting State v. Sawyer, 88 Hawaiʻi 325, 333, 966 P,2d 637, 645 (1998)).

Upon review of the evidence adduced at trial, and as recognized by Tuaolo on appeal, the Children merely jumped in

4

between Tuaolo and Isabella during the subject incident and tried to separate them.  We conclude that the Circuit Court did not err in concluding that there was no support in the evidence for the defense or theory that Tuaolo believed that his alleged conduct at issue with respect to Counts 3 and 4 was immediately necessary to protect himself against a use of unlawful force by either or both of the Children.

For these reasons, the Circuit Court's December 27, 2018 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 16, 2023.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge